# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARY ANN MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CR-39-3

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mary Ann Medina appeals the 18-month sentence imposed following revocation of her supervised release. For the first time on appeal, she contends that the sentence is substantively unreasonable because she served her supervised release term without incident up until her arrest for driving while intoxicated; the district court's "rote declaration" at the revocation hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to justify imposing such a lengthy sentence; and the sentence represents a clear error in judgment.

Additionally, Medina contends that plain error review should not apply on appeal. In support of this contention, she observes that there is a circuit split concerning whether the failure to object to the reasonableness of a sentence requires plain error review. Medina, however, properly concedes that this argument is foreclosed in light of *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), and she raises it solely to preserve it for further review.

With respect to the substantive reasonableness of Medina's sentence, there is no error, plain or otherwise. The 18-month sentence is above the policy statement range of three to nine months but below the authorized statutory maximum of two years. We routinely affirm such sentences, and this case does not warrant a different result. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Although the district court was provided with information concerning Medina's history and circumstances, it explicitly placed more weight on the need for deterrence and protection of the public. Medina's arguments amount to a disagreement with the district court's balancing of these sentencing factors and are insufficient to show error. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

To the extent Medina argues that the district court procedurally erred by failing to give an adequate explanation of its sentencing decision, her argument is unavailing. The court's statement that its sentence addressed the needs of deterrence and protection of the public was sufficient to explain its deviation from the policy statement range. *See United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.